THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent, *v.* THE NATIONAL BROADWAY BANK OF THE CITY OF NEW YORK, Appellant.

*Court of Appeals, May* 5, 1891.

Affirming 56 Hun, 649, mem.

1. *Municipal corporations.   Interest.*—The chamberlain of the city of New York is not prohibited by the act of 1866 from making an agreement with a bank, designated under said act, for the payment by it of interest on deposits of city moneys.

2. *Same.*—Even though such an agreement is not within the power of the chamberlain, the bank, after having received the benefit of it, is, *it seems,* bound thereby and will not be permitted to assert its validity.

Appeal from judgment of the supreme court, general term, first department, affirming judgment for plaintiff recovered on trial before the court without a jury.

*Thomas Allison,* for appellant.

*Simon Sterne,* for respondent.

PER CURIAM.—The opinions below are so thorough and satisfactory that we can, with propriety, rest the affirmance of this judgment upon them. We will, however, simply state our conclusions :

(1) There is no fair question or dispute upon the evidence that the defendant made the alleged agreement to pay four per cent for the deposits, and even if some erroneous evidence was received tending to establish such agreement, it was harmless to the defendant, as other evidence undoubtedly legal and competent conclusively established the agreement.

27

(2) The act of 1866 did not prohibit the chamberlain from making such an agreement, and it was not illegal or immoral or against public policy. Therefore, even if he, acting for and on behalf of the city, exceeded his power in making it, the defendant having received the benefit of it was bound by it, and cannot be permitted to aver its invalidity. But it cannot be said that the chamberlain did not have power to make the agreement for the payment of interest. He was the custodian of the funds of the city and was bound to deposit them in some bank, and if he could make an arrangement by which they should earn some interest for the benefit of the city, we can see no reason to doubt that he had ample authority to do so. Indeed, if he could deposit these monies safely to be drawn upon demand when needed, and obtain, what was not unusual in such cases, interest upon such deposits, and he failed to make an arrangement for obtaining such interest, he would have been derelict in the discharge of his duty as an officer of the local government.

The judgment should be affirmed, with costs.

All concur.